**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


JUAN CARLOS ARBELAEZ-AGUDELO, :
                              :    Civil Action No. 10-5654 (RMB)
          Petitioner,         :
                              :
     v.                       :    OPINION
                              :
UNITED STATES OF AMERICA,     :
                              :
          Respondent.         :
```

**APPEARANCES:**

```
Juan Carlos Arbelaez-Agudelo        Mark Christopher Orlowski
Reg. No. 07557-424                  Office of the U.S. Attorney
FCI Fort Dix                        District of New Jersey
P.O. Box 2000                       402 East State Street
Fort Dix, NJ 08640                  Room 430
                                    Trenton, NJ 08608
```

**BUMB**, District Judge

Petitioner, Juan Carlos Arbelaez-Agudelo, a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, originally submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (docket entry no. 1) which was dismissed without prejudice (docket entry no. 2) for failure to name the warden of the facility at which he is confined as a party respondent. Petitioner then submitted an Amended Petition (docket entry no. 3) naming as a party respondent Warden Donna Zickefoose and the matter was then reopened.

The Court granted Respondent's application for leave to file a Motion to Dismiss in Lieu of Answer (docket entry no. 8) and the motion (docket entry no. 11) was filed on August 15, 2011.

Because this Court lacks jurisdiction to consider this Petition, and because it is not in the interest of justice to transfer the Petition, this Court will grant the Motion to Dismiss and dismiss the Amended Petition for lack of jurisdiction, as it is a prohibited second or successive motion under 28 U.S.C. § 2255.

## BACKGROUND

Petitioner was convicted in the United States District Court for the Eastern District of Michigan of a violation of 21 U.S.C. §§ 846 and 841(a)(1), conspiracy to possess with intent to distribute and to distribute cocaine.  He was sentenced on September 30, 1999 to a prison term of 236 months, with 5 years supervised release, and was assessed a Criminal History Category of II.

Petitioner appealed from his conviction and sentence, and on August 27, 2001 the Sixth Circuit Court of Appeals denied that appeal.  See United States v. Arbelaez-Agudelo, 19 Fed. Appx. 203 (6th Cir. 2001).

Thereafter, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel on various grounds.  The § 2255 petition was denied by the Eastern District

of Michigan.  Petitioner then filed a Motion for Modification of Sentence which included a claim that the sentencing court incorrectly calculated his Criminal History Category.  That motion was ultimately transferred to the Sixth Circuit because Petitioner did not seek leave to file a successive § 2255 petition, and was later dismissed for lack of prosecution.

Petitioner filed the instant application for habeas relief on or about November 1, 2010.

## DISCUSSION

### A. Jurisdiction

Here, in the district of confinement, Petitioner contends that he is entitled to habeas relief under § 2241, despite the fact that he had filed an earlier § 2255 motion.  Petitioner challenges the sentencing court's determination of his Criminal History Category.  He contends that he is "actually innocent" under the "savings clause" of U.S.C. § 2255 but states that relief under § 2255 is "inadequate or ineffective."  Cf. In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, a motion under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977);

United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241). Generally, challenges to the validity of a federal conviction or sentence by motions under § 2255 must be brought before the court which imposed the sentence. See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the ground of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. §§ 2244(a), 2255.

Section 2255 contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no

4

earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Thus, under Dorsainvil, this Court would have jurisdiction over the pending petition if, and only if, Petitioner could demonstrate (1) his "actual innocence (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct (3) for which he had no other opportunity to seek judicial review. 119 F.3d at 251-52; see also Okereke, 307 F.3d at 120; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

Here, Petitioner does not allege facts bringing his conviction within the Dorsainvil exception. He does not suggest any basis for "actual innocence" and cannot demonstrate that his

5

circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  To the contrary, Petitioner challenges the validity of his sentence, a challenge which would generally fall within the scope of claims cognizable on direct appeal or in a § 2255 motion in the district of confinement.  Section 2255 is not "inadequate or ineffective" because his prior attempts to challenge his Criminal History Category were unsuccessful.

Accordingly, since the <u>Dorsainvil</u> exception does not apply here, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction under § 2241.

**B.   Transfer**

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Because Petitioner does not assert any ground for relief justifying authorization to file a second or successive § 2255 petition, and because Petitioner has filed a previous § 2255 motion, it does not appear that transfer would be in the interest of justice.  Accordingly, the petition will be dismissed without prejudice for lack of jurisdiction.

**CONCLUSION**

For the reasons set forth above, this action for relief under § 2241 will be dismissed without prejudice for lack of jurisdiction, because it is a second or successive motion under § 2255 challenging Petitioner's federal sentence. An appropriate order follows.

s/Renée Marie Bumb<br>
Renée Marie Bumb<br>
United States District Judge

Dated: March 14, 2012